UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00226-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL DONTE REDMOND,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count Two for Failure to State an Offense (#70). The government has timely filed its Response (#73) to defendant's motion. Defendant contends that Count Two of the Indictment should be dismissed in light of <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015). The issue has now been fully briefed and for the reasons that follow, the court will deny the Motion to Dismiss.

**FINDINGS AND CONCLUSIONS**

**I.   Background**

As defendant has entered a plea of guilty to both counts and stipulated to the Factual Basis, the court has construed the factual background found, as recited by the government in its Response, as accurate for the limited purpose of reviewing defendant's motion.

On September 22, 2014, Defendant Michael Redmond robbed an employee at the 7-Eleven located at 2932 Mt. Holly-Huntersville Road, Charlotte, North Carolina. Redmond forced both victims, at gunpoint, to go to the store registers and demanded that the victims remove money from the registers. The victims were forced to open the two store registers and to put U.S. Currency belonging to the business, as well as lottery tickets, into a bag carried by Redmond who also took

1

lottery tickets and put them into the bag. On September 30, 2014, Detectives with the Charlotte-Mecklenburg Police Department made contact with Redmond at his place of employment. During a voluntary interview Redmond confessed to his role in the robbery, identifying himself as one of the gunmen depicted in the surveillance photos taken during the 7-Eleven robbery.

The Grand Jury indicted Redmond on two counts. Count one charged a violation of the Hobbs Act, 18 U.S.C. § 1951, alleging that Redmond interfered with commerce by robbery, in that he took money from the person and presence of another "by means of actual and threatened force, violence, and fear of immediate and future injury." Count two charged a violation of 18 U.S.C. § 924(c), alleging that Redmond used and carried a firearm in furtherance of a crime of violence, specifically the Hobbs Act robbery charged in count one, and further that the firearm was brandished. On July 20, 2015, Redmond pled guilty to both counts without a plea agreement. Prior to sentencing, Redmond moved to dismiss the § 924(c) count, contending that a Hobbs Act robbery is not a crime of violence for purposes of § 924(c).

This court considered and denied an identical motion filed by defense counsel's colleague in United States v. Mackie, 3:14cr183 (W.D.N.C. September 30, 2015). Despite filing a 21-page Response, the government does not cite that decision. Having not been directed to earlier error, this decision follows closely the decision in Mackie.

**II.     Discussion**

In Johnson, supra, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B), was void for vagueness, making such provision unconstitutional. The ACCA defines the phrase "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary,

arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause is the underlined phrase at the end of § 924(e)(2)(B)(ii).

While the ACCA is not implicated in this case, language similar to the language the <u>Johnson</u> court determined was unconstitutionally vague is used in a number of statutes and in a number of provisions of the United States Sentencing Guidelines. The ACCA provides a 15 year mandatory minimum sentence for a defendant convicted of three prior "violent crimes," while Section 924(c) provides in relevant part mandatory minimum sentences for those who, during and in relation to a "crime of violence" use or carry a firearm, or possesses a firearm in furtherance of such crime. While the phrase "violent crime" is defined under § 924(e)(2)(B), Section 924(c) provides a separate definition for the phrase "crime of violence" as one that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). Although not identical to the language used in the residual clause of the ACCA (§ 924(e)(2)(B)(ii)), defendant contends that the language contained in §924(c)(3)(B) is substantially similar and should also be found to be void for vagueness.

Even if the court were to assume that §924(c)(3)(B) suffers from the same constitutional deficiency as does the residual clause in § 924(e)(2)(B)(ii) - - which the court declines to do as it is unnecessary for the purposes of this decision - - defendant has not first argued why Count Two is insufficient under § 924(c)(3)(A), known as the "force" or "elements" provision. Thus, before taking up the constitutional issue involved in considering § 924(c)(3)(B), the court is obliged to first consider whether the government has charged a viable offense under § 924(c)(3)(A).

First, the court has considered whether the *Hobbs Act* offense charged in Count One can meet the force or elements provision of § 924(c)(3)(A). Defendant contends that this court is constrained in its consideration to employ the categorical approach when considering a *Hobbs Act* robbery, Motion (#70) at 4, which is an approach that "looks only to the statutory definition of the … crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence." United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) (quotation marks, brackets, and citations omitted). The categorical approach, however, is only applicable to statutes which are "indivisible."

Where a statute "sets out one or more elements of the offense in the alternative," Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281 (June 20, 2013), a "modified categorical approach" is applied, which allows a court to look to certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction. Id.

Here, the *Hobbs Act* is clearly a divisible statute as the language of the statute sets forth one or more elements of the offense in the alternative, as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

\*\*\*

> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951. After the decision in Descamps, the Fourth Circuit held that

> [a] crime is divisible only if it is defined to include "potential offense elements in the alternative," thus rendering "opaque which element played a part in the defendant's conviction." Id. Stated differently, crimes are divisible only if they "set out elements in the alternative and thus create multiple versions of the crime."

Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (citation and footnote omitted). A *Hobbs Act* robbery under Section 1951 can be pled in *at least* six ways under the language of the statute: (1) by robbery; (2) by extortion; (3) by attempting to so rob or extort; (4) by conspiring to so rob or extort; (5) by committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) by threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort. 18 U.S.C. § 1951. Thus, Section 1951 is a divisible statute as to which the modified categorical approach is applicable.

Having determined under Descamps that a modified categorical approach is applicable to the *Hobbs Act* robbery charged in Count One, the court has reviewed the Indictment, a Shepard[1] approved document. Clearly, if the *Hobbs Act* robbery charged in this case includes as an essential element "physical violence" or "a threat of physical violence" (which are alternatives five and six above), then there is no doubt but that such offense would be well within the definition of "crime of violence" found in § 924(c)(3)(A). The Indictment in this case provides in relevant part as follows:

---

[1] Shepard v. United States, 544 U.S. 13, 16 (2005).

<u>**COUNT ONE**</u>

**(Hobbs Act Robbery Conspiracy - Interference with Commerce by Threats or Violence)**

On or about September 22, 2014, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants

(1) MARCUS CEPHUS MASON
(2) CHRISTIAN REGINALD PARKER
(3) MICHAEL DONTE REDMOND

knowingly and unlawfully did conspire with each other and others both known and unknown to the Grand Jury to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, by taking, or conspiring to take, the personal property of 7-Eleven located 2932 Mt. Holly-Huntersville Road, Charlotte, Mecklenburg County, North Carolina, that is, United States currency and lottery tickets **from the person and in the presence of persons, against their will and by means of actual and threatened force, violence, and fear of immediate and future injury**.

In violation of Title 18, United States Code, Sections 1951.

Indictment (#9) (emphasis added). Thus, the offense of conviction underlying the § 924(c) charge specifically alleges a crime of violence as defined under § 924(c)(3)(A), making it unnecessary to reach defendant's constitutional argument under § 924(c)(3)(B). <u>Ashwander v. TVA</u>, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."). Defendant's Motion to Dismiss Count Two is, therefore, without merit.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count Two for Failure to State an Offense (#70) is **DENIED**.

Signed: October 9, 2015

